**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DARKA RAICEVIC,

          Plaintiff-Appellant,

v.

ANDREW M. SAUL, Commissioner of
Social Security,

          Defendant-Appellee.

No.   18-55927

D.C. No. 2:17-cv-05275-JEM

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
John E. McDermott, Magistrate Judge, Presiding

Submitted December 31, 2020[**]
San Francisco, California

Before: SILVERMAN, GRABER, and CLIFTON, Circuit Judges.

Darka Raicevic appeals the district court's decision affirming the

Commissioner's denial of her application for disability benefits. We have

jurisdiction pursuant to 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

district court's order de novo and may reverse the agency's denial of benefits only if the ALJ's decision is not supported by substantial evidence or contains legal error. *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). We reverse and remand for further proceedings.

Two psychiatrists, one who was the independent examiner and one who was the treating doctor, both opined that Raicevic had significant limitations and would have problems remembering instructions in a work setting. The psychiatrists also opined that Raicevic would have difficulty - among other things - responding appropriately to work pressures and maintaining regular attendance. The ALJ erred by giving little weight to those opinions, particularly since she did cite any psychiatric opinion to the contrary.

The ALJ improperly discounted the psychiatric evaluation of Stephen Simonian, M.D., as subjective, despite a clinical interview and objective mental examination findings, including findings regarding mood, affect, and memory limitations. As we explained in *Buck*, clinical interviews and mental status evaluations "are objective measures" that "cannot be discounted as a 'self-report.'" *Id.* at 1049.

The ALJ also gave little weight to the similar assessment of Inna Barg, M.D., noting that Raicevic periodically reported a good mood during mental-health

2

treatment sessions and felt no urgency to refill depression medication. An opinion may be discounted as inconsistent with treatment records. *Ghanim v. Colvin*, 763 F.3d 1154, 1161 (9th Cir. 2014). However, the ALJ's finding in this regard is not supported by the record in this case. Dr. Barg's assessment was premised on the combined impact of depression and Guillain-Barre syndrome, which affected Raicevic's nervous system and caused fatigue and an inability to concentrate. The ALJ erred by not considering Raicevic's periodic good moods in the context of her overall mental and physical impairments. *See id.* at 1161-62 (explaining that observations about improved mood must be considered in the "context of the overall diagnostic picture the provider draws") (internal quotation marks omitted).

The errors are not harmless. The ALJ must consider all of the claimant's limitations, including limitations from non-severe impairments, when assessing residual functional capacity. *Buck*, 869 F.3d at 1049.

**REVERSED AND REMANDED.**